IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES RICKY EZELL, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 04-CV-145-JHP-FHM |
| | ) |
| MIKE MULLIN, Warden; | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondents. | ) |

## ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6). Petitioner, a state inmate appearing *pro se*, filed a response to the motion (Dkt. # 9). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted.

### *BACKGROUND*

Petitioner was convicted by a jury of First Degree Robbery (Counts I and II), and False Impersonation (Count III), All After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2000-2768. He was sentenced to forty-five (45) years imprisonment on Count I, sixty (60) years on Count II, and twenty (20) years on Count III, to be served consecutively. Petitioner appealed his Judgment and Sentence to the Oklahoma Court of Criminal Appeals ("OCCA") where, on June 13, 2002, the Judgment of the trial court was affirmed, but the

case was remanded for resentencing. (Dkt. # 8, Ex. A). On October 2, 2002, the trial court resentenced Petitioner. See Dkt. # 8, Ex. B. Petitioner did not appeal from the resentencing.

On May 20, 2003, Petitioner filed an application for post-conviction relief in the state district court. (Dkt. # 8, Exs. B and C). The District Court for Tulsa County denied post-conviction relief by order mailed to Petitioner on June 25, 2003. (Dkt. # 8, Exs. B and D). Petitioner filed his petition in error in the OCCA, Case No. PC-2003-891. (Dkt. # 8, Ex. E). However, by order filed October 17, 2003 (Dkt. # 8, Ex. F), the OCCA dismissed the appeal based on Petitioner's failure to file his petition in error in compliance with Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*.

The Clerk of Court received Petitioner's federal petition for writ of habeas corpus for filing on February 24, 2004. (Dkt. # 1).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>        (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.
>        (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on October 12, 2002, after the 10 day time period for filing a notice of intent to appeal following his resentencing had lapsed. See Rules 1.2(A)(5) and 2.5(A), *Rules of the Oklahoma Court of Criminal Appeals*. As a result, his one-year limitations clock began to run on October 12, 2002, and, absent a tolling event, a federal petition for writ of habeas corpus filed after October 12, 2003, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Pursuant to § 2244(d)(2), the limitations period was suspended during the time Petitioner had "a properly filed application for State post-conviction or other collateral review" pending in the state courts. On May 20, 2003, Petitioner filed an application for post-conviction relief. The application was filed 145 days prior to the October 12, 2003, deadline. Pursuant to § 2244(d)(2), the limitations clock stopped running on May 20, 2003, and did not begin to run again until the state courts completed review of Petitioner's properly filed post-conviction proceeding. The district court denied relief by order entered June 25, 2003. Petitioner did not properly commence a post-conviction

appeal as provided under Oklahoma law.[1] Therefore, his post-conviction appeal was not "properly filed" as required for tolling under § 2244(d)(2). However, the limitations clock did not begin to run again until the thirty (30) day time period for filing a proper post-conviction appeal had lapsed. See Gibson v. Klinger, 232 F.3d 799, 803-04 (10th Cir. 2000) (holding that the limitations period is tolled for the thirty days during which a petitioner could have filed a timely appeal of the state court's denial of an application for post-conviction relief). Therefore, the limitations clock began to run again thirty (30) days after the state district court denied post-conviction relief, or on July 25, 2003. Thus, the federal limitations period was tolled from May 20, 2003, through July 25, 2003. Once the limitations clock began to run again, Petitioner had to file his federal petition within 145 days, or by December 17, 2003. The petition in this matter was not received for filing until February 24, 2004, or more than two (2) months out of time. Accordingly, the petition appears to be untimely and should be dismissed unless Petitioner demonstrates entitlement to statutory or equitable tolling of the limitations period.

In response to the motion to dismiss (Dkt. # 11), Petitioner argues that Respondent's motion should be denied because he claims he has diligently pursued his federal habeas claims. Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to diligently pursue his claims and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his

---

[1] In dismissing the post-conviction appeal, the OCCA found that "[b]ecause Petitioner has failed to attach to his pleadings any copy of an order of the District Court of Tulsa County denying his application for post-conviction relief in Case No. CF-2000-2768, this appeal must be, and is hereby, **DISMISSED**." (Dkt. # 6, Ex. F).

control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In this case, Petitioner first asserts that he received ineffective assistance of counsel when his attorney failed to perfect an appeal from the resentencing proceeding after Petitioner instructed him to do so. See Dkt. # 11 at 2. He also alleges that he should not be faulted for failing to file properly his post-conviction appeal because he attached the only copy of the district court's order sent to him by the Court Clerk and the copy was not a certified copy. Id. at 3. Petitioner next claims that the OCCA withheld its order dismissing the post-conviction appeal for thirty-seven (37) days before sending a copy to him.[2] Id. at 4. And lastly, Petitioner contends that prison officials at the Oklahoma State Penitentiary ("OSP") limited his access to the law library thereby obstructing his efforts to file a timely petition. Id.

Upon careful review of the record in this case, the Court finds none of Petitioner's excuses for his failure to file the petition within the one-year period entitles him to equitable tolling of the limitations period. Petitioner has failed to demonstrate that extraordinary circumstances beyond his control prevented him from timely filing his petition. See Gibson, 232 F.3d at 808. Significantly, Petitioner offers no explanation for his delay of more than seven (7) months between the resentencing proceeding and the filing of the application for post-conviction relief. In addition, the record before the Court refutes in large part Petitioner's allegations. For example, although Petitioner complains that he received ineffective assistance of counsel when his trial attorney failed to perfect an appeal from the October 2, 2002, resentencing after Petitioner had instructed him to do so, such claim was not included in Petitioner's application for post-conviction relief although

---

[2] According to the docket sheet for PC-2003-891, the OCCA's order dismissing the post-conviction appeal, entered October 20, 2003, was returned as "attempted not known" and remailed to Petitioner on November 21, 2003. (Docket Sheet viewed at www.oscn.net).

Petitioner did attempt to claim ineffective assistance of counsel based on a conflict of interest.  See Dkt. # 8, Ex. E. Similarly, although Petitioner now claims that he attached to his petition in error the only order sent to him by the Tulsa County District Court Clerk but that it was uncertified, the OCCA explicitly stated in its opinion dismissing the post-conviction appeal that Petitioner failed to attach *any* order from Tulsa County District Court.  See Dkt. # 8, Ex. F.  Furthermore, even though Petitioner has provided evidence supporting his claim that he did not receive the OCCA's order dismissing his post-conviction appeal until November 26, 2003, see Dkt. # 9, Ex. A, that date was three (3) weeks before the December 17, 2003, deadline for filing the petition.  Lastly, although Petitioner attributes his delay in part to inadequate legal services available at OSP, he cannot be relieved of the personal responsibility of insuring compliance with the law.  See Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000). The Court concludes that Petitioner is not entitled to equitable tolling of the limitations period.  The petition for writ of habeas corpus shall be dismissed with prejudice as barred by the statute of limitations.

## *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period.  Therefore, the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

SO ORDERED THIS 22nd day of August 2005.

*/s/ James H. Payne*
James H. Payne
United States District Judge
Northern District of Oklahoma